# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 2:15-CV-93-JEM |
| | ) | |
| ROBERT J. MATIJEVICH, individually | ) | |
| and d/b/a L.F. NORTONS, and UDL, LLC, | ) | |
| d/b/a L.F. NORTONS. | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Submission of Damages and Attorney Fees [DE 31], filed by Defendants on April 4, 2017, and on Plaintiff's Reply to Defendant's Damages Memorandum [DE 33], filed by Plaintiff on April 17, 2017.

On March 22, 2017, the Court ordered that judgment be entered on Plaintiff's behalf on its 47 U.S.C. § 605 Cable Act claim against Defendant UDL, LLC. The Court also ordered that judgment be entered in Defendant Robert Matijevich's favor on all Plaintiff's claims against him and in Defendant UDL, LLC's favor on Plaintiff's 47 U.S.C. § 553 claim against it. The Court ordered the parties to brief the issue of what damages and fees are appropriate in this case.

### I. Defendants' Fees

Because the Court granted summary judgment in his favor on all Plaintiff's claims, Defendant Matijevich argues that he is entitled to $10,625.00 in attorney fees "pursuant to the statutes that allow for the prevailing party to be granted damages and attorney fees." Defendant UDL, who was represented by the same counsel as Defendant Matijevich, argues that the requested amount of $10,625.00 covers its fees for prevailing on Plaintiff's § 553 claim, as well.

Under the two Cable Act claims Plaintiff pursued, however, neither Defendant is entitled to fees. Those sections authorize fees to be paid only to "an aggrieved party who prevails" in a civil suit. 47 U.S.C. § 553 (c)(2)(C); 47 U.S.C. § 605(e)(3)(B)(iii). Consequently, the Cable Act fee statute is not a two-way street. Defendants pointed to no other authority authorizing an award of fees in their favor, and so the Court does not award them any fees.

**II.     Plaintiff's Fees & Damages**

Plaintiff, on the other hand, was an aggrieved party that prevailed in its civil suit under the Cable Act. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiffs represent that they incurred $2,635.50 in attorney fees and $520 in costs. Defendants do not challenge these amounts, and the Court finds them to be appropriate.

Section 605 of the Cable Act also authorizes the Court to award damages "computed, at the election of the aggrieved party" by either actual damages and profits or statutory damages from $1,000 to $10,000. 47 U.S.C. 47 U.S.C. § 605(e)(3)(C). Plaintiff elected to request the maximum statutory damages in the amount of $10,000. Plaintiff argues that the Court should award the highest statutory amount of damages to deter future violations.

While Defendants did not respond to Plaintiff's damages arguments, the Cable Act leaves to the discretion of the Court to determine an appropriate damages award based on the facts of the individual case. *See* 47 U.S.C.§ 605(e)(3)(c)(II) ("[T]he aggrieved party may recover . . . a sum of not less than $1,000 or more than $10,000, *as the court considers just*.") (emphasis added). It is Plaintiff's burden to "provide justification for why damages in excess of the [$1,000] minimum should be awarded." *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 112, 1131-32 (M.D. Ala. 2004). In determining a just award, courts consider various factors, including whether the defendant profited

2

from the violation, whether the defendant assisted or induced others in the violation, whether the violation was willful or flagrant, whether the damage award will be sufficient to deter similar conduct, and whether the damage award is comparable to awards in similar cases. *Id.* at 1331 (collecting cases). While courts acknowledge that "merely requiring [Defendant] to pay the price it would have been charged to obtain legal authorization to display the Event does nothing to accomplish [the] objective" of the Cable Act, courts routinely consider the would-be licensing fee in arriving at an appropriate damages award. *Entm't by J & J, Inc. v. Al-Waha Enters.*, *Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002).

In this case, Plaintiff has not sufficiently justified an award of $10,000. The affidavit attached to Plaintiff's damages submission states that the licensing fee for the at-issue program would have been, at most, $950.00. Awarding Plaintiff over ten times that amount does not appear to be appropriate. *See Id.* (awarding $5,000 when the licensing fee was $1,500). Instead, "maximum statutory damages [in Cable Act cases] should be reserved for cases where there is evidence of more substantial injury to the plaintiff or profit by the defendants." *Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F. Supp. 2d 438, 442 (S.D.N.Y. 2001).

Accordingly, the Court awards Plaintiff $3,000 in damages. This figure equals over three times the licensing fee that Plaintiff would have charged Defendant UDL, which should sufficiently deter future piracy. However, this figure also takes into consideration the somewhat strange facts of this case. A bar patron brought his own cable box into Defendant UDL's bar and asked the bar staff to plug in the box to show the fight. As the Court previously determined, Defendant UDL is, of course, liable for this conduct. However, this case does not represent a flagrant violation, and it does not appear that Defendant UDL profited significantly from the violation. Furthermore, Plaintiff

3

did not suffer a substantial injury, and will be adequately compensated with the $3,000 award and attorney fees. *See Huynh*, 318 F. Supp. 2d at 1131.

### III. Conclusion

For the foregoing reasons, the Court hereby **DIRECTS** the Clerk of Court to **AMEND** the judgment in this case to include $3,000 in damages, $2,632.50 in attorney fees, and $520 in costs in Plaintiff's favor against Defendant UDL, LLC, only.

SO ORDERED this 19th day of June, 2017.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:    All counsel of record